Filed 8/9/21  P. v. Harreld CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C092327 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF1901767) |
| v. | |
| JOHN ROBERT HARRELD, | |
| Defendant and Appellant. | |

Appointed counsel for defendant John Robert Harreld filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Our review of the record has disclosed the trial court's failure to impose two mandatory assessments, which we will now impose.  We affirm the judgment as modified.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant struck the victim, with whom he was in a dating relationship, with a fishing reel, causing a wound to her head. Defendant subsequently sent multiple letters to the victim, while he was in jail, encouraging her to not cooperate with the prosecution. In an amended complaint, defendant was charged with infliction of corporal injury resulting in a traumatic condition (Pen. Code, § 273.5 [count I]);[1] assault with a deadly weapon (§ 245, subd. (a)(1) [count II]); infliction of corporal injury with a prior conviction (§ 273.5, subd. (f)(1) [count III]); vandalism (§ 594, subd. (a) [count IV]); taking a vehicle without consent (Veh. Code, § 10851, subd. (a) [count V]); arson (§ 451, subd. (d) [count VI]); dissuading a witness (§ 136.1, subd. (c)(1) [count VII]); infliction of corporal injury with a prior conviction (§ 273.5, subd. (f)(1) [count VIII]); dissuading a witness (§ 136.1, subd. (a)(1) [count IX]); dissuading a witness (§ 136.1, subd. (a)(2) [count X]); and misdemeanor battery (§ 242 [count XI]).

Pursuant to a plea agreement, defendant pleaded no contest to counts I, IX, and X. The remaining counts were dismissed. The parties' agreement allowed defendant to be released from jail for part of one day to attend his brother's funeral. If he returned to custody in compliance with the terms of his release (see *People v. Cruz* (1988) 44 Cal.3d 1247, 1254, fn. 5), then count IX would be dismissed and he would receive a five-year prison sentence. If he failed to comply, he would receive an eight-year sentence and count IX would not be dismissed. Additionally, defendant agreed to be responsible for any restitution related to the dismissed counts (see *People v. Harvey* (1979) 25 Cal.3d 754, 758). Defendant complied with the terms of the *Cruz* waiver.

On January 21, 2020, the court conducted a sentencing hearing; defendant declined to appear at the hearing and his counsel waived his presence. The court imposed

---

[1] Undesignated statutory references are to the Penal Code.

the stipulated five-year sentence, composed of the midterm of three years on count I, and a fully consecutive midterm of two years on count X. The court dismissed count IX. The court granted a total of 580 days of custody credits, composed of actual credits of 290 days and conduct credits of 290 days. The court imposed one $30 court facilities assessment (Gov. Code, § 70373), one $40 court operations assessment (§ 1465.8), a $300 restitution fine (§ 1202.4, subd. (b)), another $300 restitution fine suspended pending successful completion of parole (§ 1202.45), a local $250 domestic violence fee (§ 1463.27), a $500 domestic violence fee (§ 1203.097), $26,000 in direct restitution to the victim, and $6,376.20 to the Victim Compensation Fund.

Defendant filed a timely notice of appeal but did not obtain a certificate of probable cause.[2]

On December 11, 2020, defendant's counsel filed an informal motion in the superior court under section 1203.097. On February 1, 2021, the court struck the $500 domestic violence fine. The informal motion also informed the court that it originally imposed one set of assessments for section 1465.8 and Government Code section 70373 totaling $70, even though defendant was sentenced on two felony convictions and could have received $140 in assessments. When the court struck the domestic violence fine, it

---

[2] Defendant signed and mailed the notice of appeal and a request for a certificate of probable cause from state prison in an envelope marked as "STATE PRISON GENERATED MAIL" and postmarked on March 18, 2020. The court stamped the envelope on March 20, 2020. However, it was not filed until July 13, 2020. The court's delay was likely due to COVID-19 measures. (See *Rowan v. Kirkpatrick* (2020) 54 Cal.App.5th 289, 294-295.) However, "The prison-delivery rule . . . provides that a self-represented prisoner's notice of appeal in a criminal case is deemed timely filed if, within the relevant period set forth in the California Rules of Court, the notice is delivered to prison authorities pursuant to the procedures established for prisoner mail." (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 110, fn. omitted.) Defendant's notice of appeal was timely filed under this rule.

3

did not impose an additional set of assessments for the second felony conviction; instead, the court left the original $70 total unchanged.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed and defendant has not filed a supplemental brief.

After examining the record, we conclude the trial court erred in imposing the fees, fines, and assessments during sentencing.  While the court imposed a $40 court operations assessment and a $30 court facilities assessment, those amounts should have been $80 and $60, respectively, because defendant was convicted of two offenses rather than one.  (§ 1465.8 [court operations assessments applies to each offense]; Gov. Code, § 70373 [court facilities assessment applies to each offense]; *People v. Woods* (2010) 191 Cal.App.4th 269, 271-272 [court operations and court facilities assessments are mandatory].)

Having undertaken an examination of the entire record pursuant to *People v. Wende*, we find no arguable error that would result in a disposition more favorable to defendant.  Accordingly, we modify the judgment to include the increased assessments, and affirm the judgment as modified.

## DISPOSITION

Defendant's convictions are affirmed.  The judgment is modified to include an $80 court operations assessment and a $60 court facilities assessment.  As so modified, the judgment is affirmed.  The clerk is directed to prepare an amended abstract of judgment reflecting all fees, fines, and assessments, and the statutory basis for each, and to forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


            /s/
RAYE, P. J.



We concur:



     /s/
MURRAY, J.



     /s/
HOCH, J.